UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFETIME BRANDS, INC., <br><br>                         Plaintiff, <br><br> -against- <br><br> RUBY COMPASS LLC <br><br>                         Defendant. | Docket No. 2:18-cv-2410 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, LIFETIME BRANDS, INC. (hereinafter "Plaintiff"), by its attorneys, TUTUNJIAN & BITETTO, P.C., as and for its complaint against Defendant RUBY COMPASS LLC (hereinafter "Defendant") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for Trademark Infringement under 15 U.S.C. §1114 *et seq*.

2. As alleged in detail below, Defendant has engaged in a conscious, systematic, and willful pattern of Trademark Infringement, to the damage of Plaintiff.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) as a substantial part of the events giving rise to the claims are arising in this District and due to the fact that

Defendant is doing business in this District at least through online sales, thereby placing infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District. Defendant has purposefully availed itself of this forum by, among other things, distributing and selling infringing products in the State of New York, including in this District, and, upon information and belief, deriving revenue from such activities.

## THE PARTIES

5. Plaintiff is a Delaware corporation with a principal place of business at 1000 Stewart Ave., Garden City, NY 11530.

6. Plaintiff is a leading provider of home products in the U.S. and worldwide, including kitchenware and dinnerware products.

7. Upon information and belief, Defendant RUBY COMPASS LLC is a Delaware limited liability company with a business address of 1628 9th Avenue West, Seattle, WA 98119.

8. Upon information and belief, Defendant is a company that provides a variety of kitchen products and houseware products, including dinnerware.

## PLAINTIFF'S TRADEMARK AND BUSINESS

9. Plaintiff and its predecessors-in-interest, have sold kitchen and houseware products, including dinnerware under the mark WINTERBERRY in a substantially exclusive and continuous manner since at least as early as 1991.

10. The WINTERBERRY mark is a valuable trademark for Plaintiff which symbolizes the extensive goodwill attained through Plaintiff's and its predecessors-in-interest's use of the mark for over 26 years.

11.     Plaintiff is the owner of incontestable U.S. Trademark Reg. No. 1,701,122 for the WINTERBERRY mark for "food preparation, storage and serving vessels made of stoneware; namely, dishes, plates, bowls, platters, cups, saucers, mugs, sugar and creamer sets, trays, gravy boats and salt and pepper shakers; and drinking vessels and serving containers made of glass", in Class 21.  A true and correct copy of U.S. Trademark Registration No. 1,701,122 is annexed as Exhibit A (the "'122 Registration").

12.     Plaintiff Lifetime Brands, Inc. acquired all rights to the '122 Registration in a merger effective on December 20, 2006 from The Pfaltzgraff Co. to Plaintiff.  The merger was recorded with the U.S. Patent and Trademark Office at Reel/Frame 3451/0418 on December 27, 2006.  A true and correct copy of the Abstract of Title for the '122 Registration from the U.S. Patent and Trademark Office's online database is annexed hereto as Exhibit B.

13.     On June 19, 2012, Plaintiff filed a combined declaration of use under Section 8 and application for renewal under Section 9 for the '122 Registration which was accepted by the U.S. Patent and Trademark Office on June 20, 2012.  Annexed as Exhibit C is the Notice of Acceptance and Renewal issued by the U.S. Patent and Trademark Office.

14.     Plaintiff is also the owner of U.S. Trademark Reg. No. 4,342,666 for the WINTERBERRY mark for "Baking dishes; Beverage glassware; Butter dishes; Cake servers; Candle holders; Coasters, not of paper and other than table linen; Cookie jars; Creamer pitchers; Cutting boards; Dinnerware; Flower pots; Glass jars; Gravy boats; Mixing bowls; Mugs; Napkin rings; Pie pans; Pie servers; Pitchers; Plates; Portable beverage dispensers; Salt and pepper shakers; Serving dishes; Serving forks; Serving platters; Serving spoons; Serving trays; Slotted spoons; Soup tureens; Sponge holders; Spoon rests; Stove burner covers; Sugar bowls; Tea pots; Tea sets; Trivets; Votive candle holders; Wine bottle cradles; Wine glasses; candy dishes", in

Class 21. A true and correct copy of U.S. Trademark Registration No. 4,342,666 is annexed as Exhibit D (the "'666 Registration").

15. Plaintiff is the owner of U.S. Trademark Reg. No. 4,342,667 for the mark WINTERBERRY for "Cheese slicers; Flatware; Serving knives", in Class 8. A true and correct copy of U.S. Trademark Registration No. 4,342,667 is annexed as Exhibit E (the "'667 Registration").

## DEFENDANT'S INFRINGING ACTS

16. Upon information and belief, Defendant knowingly and willfully, without Plaintiff's authorization, began manufacturing, distributing, selling, offering to sell and advertising dinnerware products which feature the WINTERBERRY mark ("Defendant's Unauthorized Products").

17. For example, the Defendant's Unauthorized Products are being sold at BonShoppe.com as the "Melange 100% Melamine Winterberry Collection". Defendant's Unauthorized Products are also being sold at Melange-Home.com as the "Melange 16-Piece Winterberry Fox & Friends Coupe" dinnerware and the "Melange 32 Piece Winterberry Fox & Friends Coupe" dinnerware. Defendant's Unauthorized Products are also being sold on Amazon.com as the "Melange Coupe 16-Piece Porcelain Dinnerware Set (Winterberry Fox & Friends)". Screenshots showing Defendant's Unauthorized Products sold at these retailers are annexed hereto as Exhibit F.

18. Defendant's Unauthorized Products feature marks that are confusingly similar to the Plaintiff's registered WINTERBERRY mark and are being used for identical or related goods.

19. Defendant's manufacturing, distribution, sales, offers to sell and advertising of the Defendant's Unauthorized Products are likely to cause, and causes, consumer confusion due to the similarity of the marks and the identical or related nature of the products. Defendant's use of

the Defendant's Unauthorized Products is likely to, and causes, consumers to mistakenly believe that the Defendant's Unauthorized Products arise from Plaintiff or are endorsed, sponsored or otherwise affiliated with Plaintiff.

20.     Defendant's unauthorized use of the WINTERBERRY mark in connection with the Defendant's Unauthorized Products has misappropriated the goodwill developed in the WINTERBERRY mark and has resulted in a heightened level of sales of the Defendant's Unauthorized Products to the detriment of Plaintiff and its business for its kitchen and houseware products, including dinnerware.

21.     Plaintiff has attempted to contact Defendant to discuss these issues.  However, Defendant has not responded.

22.     The Defendant's actions are willful and reflect a deliberate intent to misappropriate the Plaintiff's substantial goodwill in the WINTERBERRY mark developed through use of this trademark for over 26 years.

## COUNT I:

## TRADEMARK INFRINGEMENT

23.     Paragraphs 1 through 22 are incorporated by reference herein.

24.     Plaintiff is the owner of all right, title, and interest in the '122 Registration, the '666 Registration and the '667 Registration for the WINTERBERRY mark.

25.     Defendant's manufacture, distribution, sales, offers to sell and advertising of the Defendant's Unauthorized Products which feature a confusingly similar mark to the WINTERBERRY mark constitutes trademark infringement under 15 U.S.C. §1114.

5

26. Defendant's acts have caused, and will continue to cause, Plaintiff to sustain money damages, loss and injury in an amount to be determined at trial.

27. Upon information and belief, Defendant has engaged in such acts knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For a judgment declaring that Defendant's unauthorized conduct is an infringement of Plaintiff's Federal trademark registrations under 15 U.S.C. §1114 *et seq.;*

2. For a permanent injunction against Defendant, enjoining and restraining Defendant from further manufacturing, distributing, selling, offering to sell and advertising Defendant's Unauthorized Products;

3. For a judgment requiring Defendant to account to Plaintiff for any and all profits derived by Defendant, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein and Plaintiff's costs of this action.

4. For a judgment awarding Plaintiff treble damages, in an amount to be proven at the time of trial or, in the alternative, statutory damages, and Plaintiff's reasonable attorney's fees because of the intentional, willful nature of Defendant's acts with respect to the counterfeit mark.

5. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

This the 24th day of April, 2018

                                  TUTUNJIAN & BITETTO, P.C.

By: *\[signature\]*
      John G. Tutunjian (JT6873)
      Elliot W. Lipins (EL6151)
      *Attorneys for Plaintiff*
      401 Broadhollow Rd., Suite 402
      Melville, NY 11747
      (631) 844-0080
      john@tb-iplaw.com
      elliot@tb-iplaw.com